HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICK GREER,

               Plaintiff,

     v.

PHILLIPS & COHEN ASSOCIATES,
LTD.,

              Defendant.

CASE NO. 13-cv-6095 RBL

ORDER ON PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES

THIS MATTER is before the Court on Plaintiff Greer's Motion for Attorney's Fees [Dkt. # 13]. Greer seeks $5,270 in fees, which PCA opposes as unreasonable.

Greer sued Phillips & Cohen Associates for violating the Fair Debt Collection Procedures Act because PCA failed to disclose its identity as a debt collector in two voicemails. On February 20, 2014, Greer accepted an Offer of Judgment from PCA "in the amount of $1,500 plus all interest, costs, and attorney's fees as determined by the Court" [Dkt. #12]. Greer and PCA could not agree on reasonable fees, which led to this Motion.

1   Greer's Motion seeks a total of $5,274 in fees:

| Attorney | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Jon Robbins | 3.0 | $300 | $900 |
| Joe Panvini | 15.6 | $225 | $3,510 |
| Chris Bruner, Paralegal | 5.8 | $135 | $783 |
| Eric Awerbuch, Law Clerk | .6 | $135 | $81 |
| **Total**: | 25.0 | | $5,274 |

Greer's reply increases this to $6,586.50, to account for additional fees incurred in drafting the reply.

PCA argues that Greer's request is facially unreasonable, because the original claim was "meritless" and obtaining the judgment took minimal effort.  It also points to Greer's "unclean hands" and the fact that many hours were incurred after the Offer of Judgment.  PCA suggests that the fees should be reduced by at least 42% to account for 14.4 excessive hours, which would bring the amount to $3,037.82.

Determining the reasonableness of attorney's fees is within the "sound discretion" of the Court. *Perdue v. Kenny A.,* 559 U.S. 542, 558 (2010). The initial step in determining a reasonable fee is to calculate the lodestar figure, by taking the number of hours reasonably expended on the litigation and multiplying it by the appropriate hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The Court should exclude overstaffed, redundant, or unnecessary time.  *Id.* at 434.  The Court must also consider the extent of Plaintiffs' success, as that is a "crucial factor" in determining an appropriate award.  *Id.* at 440.

After determining the lodestar figure, the Court should then determine whether to adjust the lodestar figure up or down based on any *Kerr* factors that have not been subsumed in the

ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES - 2

1  lodestar calculation.[1]  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975) *cert.*

2  *denied*, 425 U.S. 951 (1976).

3         Despite Greer's technical "success" in this case, the legal issues were far too simple and

4  the procedural requirements too minimal to warrant attorney's fees that are nearly quadruple his

5  judgment award. In the past four years, Greer has filed four bankruptcy petitions and two federal

6  actions against debt collectors. He inappropriately exploits the system by using the court as a

7  mechanism to recover funds to pay his debts. For these reasons, the attorney's fees will be

8  reduced to reflect the hours expended on the case prior to the Offer of Judgment. The Court will

9  award **$3,037.82** in fees.

10

11         IT IS SO ORDERED.

12         Dated this 15th day of July, 2014.

13

14  RONALD B. LEIGHTON
    UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

---

21  [1] The twelve *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions
22  involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the
attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time
limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the
23  experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of
the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526
F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are consistent with
24  Washington Rule of Professional Conduct 1.5.

ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES - 3